# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

HERBERT R. SMITH                                                     PLAINTIFF

v.                                              CIVIL ACTION NO. 4:10CV-P47-M

UNITED STATES OF AMERICA et al.                         DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Herbert R. Smith, filed a *pro se*, *in forma pauperis* complaint (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

## I. SUMMARY OF CLAIMS

Plaintiff sues the United States, the United States Parole Commission, and the United States Marshal Service. He also sues in their individual and official capacities Eric Holder, U.S. Attorney General; Carol Pavilack Getty, U.S. Parole Commissioner for the North Central Region; Patricia D. Vines, U.S. Parole Commission case analyst; Irma L. Boyer and Carol Wilson Muller, both senior case analysts for the U.S. Parole Commission; Darwin Dennison, Grayson County Detention Center (GCDC) Jailer; Jason Woosley, GCDC Chief Deputy; and unknown defendants.

Plaintiff was incarcerated for a number of years in both state and federal facilities. He alleges that on March 30, 1995, the United States Parole Commission issued a federal parole violation warrant which was lodged as a detainer against Plaintiff who was then at the Kentucky State Penitentiary. Plaintiff states that he wrote a letter to the U.S. Parole Commission asking that the detainer be "resolved" because, since his federal prison sentence was running

concurrently with his state sentence, the detainer served no purpose. He states that in July 1995, the U.S. Parole Commission, specifically Defendants Getty and Boyer, decided to let the detainer stand. Plaintiff states that after numerous attempts to get his prison sentences "in order," he filed habeas corpus petitions in the Lyon Circuit Court in Eddyville, Kentucky, "legally proving under three (3) scenarios that Plaintiff should have been released from service . . . at the minimum on June 15, 2003, and at the maximum on March 21, 1996," and to the United States District Court, Civil Action No. 5:09-CV-71-R, "legally proving that Plaintiff should have been released from further service in prison . . . on November 21, 2004, and that the United States Parole Commission was to legally annul its jurisdiction over the Plaintiff on April 19, 2009." Plaintiff further states that, before the Lyon Circuit Court made a decision on his habeas corpus petition, the Kentucky Department of Corrections agreed to restore the 3,931 days it had "illegally forfeited" in 1994 and released Plaintiff from further state imprisonment on May 19, 2009.

Plaintiff alleges that when the U.S. Marshal left him at the Christian County Detention Center on May 19, 2009, they laid his bag of personal property in the hallway. When he was later reunited with his bag, he found that all of his tobacco, stamps, coffee, two watches, three rings, and some legal documents were missing. Plaintiff alleges that he submitted an FTCA claim regarding his lost property, but has never received a response.

Plaintiff further alleges that in March 2007, while he was falsely imprisoned he suffered a near fatal heart attack, which resulted in having a steel stent inserted in his main artery. He further alleges that on August 24, 2009, after he was released from imprisonment without being afforded the 30 days of daily medication he was supposed to be given upon his release, his stent became clogged and he suffered another near fatal heart attack. He also alleges that when he

was released from federal custody on July 2, 2009, "federal law and policy" required that Plaintiff be provided new clothes and shoes, at least $100, a bus ticket to Ashland, Kentucky, and 30 days of his daily medications.

Plaintiff states that he is bringing his complaint under 18 U.S.C. § 4042 (which sets out various duties of the Bureau of Prisons), 28 U.S.C. § 1331 (which sets out federal-question jurisdiction), 28 U.S.C. § 1346(b) (which is part of the Federal Tort Claims Act, or FTCA), 28 U.S.C. § 1367 (which sets out supplemental jurisdiction), and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971). As relief, Plaintiff wants monetary and punitive damages.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears

beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***Claim under 18 U.S.C. § 4042***

To the extent that Plaintiff attempts to bring a claim or claims directly under § 4042, such claims fail. The remedy for a breach of the duty imposed on the Bureau of Prisons by § 4042 is an action against the United States under the Federal Tort Claims Act. *See, e.g., Gibson v. Matthews*, 715 F. Supp. 18, 189 (E.D. Ky. 1989).

***Lost property claim***

Plaintiff alleges that his personal property went missing while he was housed at Christian County Detention Center in May 2009. A prisoner claiming an unauthorized, intentional deprivation of property in violation of the Due Process Clause must show that state post-deprivation remedies are inadequate. *Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984); *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). Kentucky has adequate post-deprivation remedies for the confiscation or destruction of property, such as a tort action for conversion against individual defendants. *See Wagner v. Higgins*, 754 F.2d 186, 192 (6th Cir. 1985). To the extent that Plaintiff is attempting to raise a *Bivens* claim regarding his lost property, this claim will be dismissed without prejudice.

With regard to his FTCA claim regarding this lost property, a claim under the FTCA may

4

only be asserted against the United States. *See* 28 U.S.C. § 2674. Because a claim under the FTCA may only be asserted against the United States itself, 28 U.S.C. § 2674; *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990), the FTCA claims against the individually-named defendants must fail as a matter of law, and will be dismissed. *Atorie Air, Inc. v. Fed. Aviation Admin.*, 942 F.2d 954, 957 (5th Cir. 1991). The Court will allow the FTCA claim against the United States for the alleged negligent loss of Plaintiff's personal property to go forward.

***Wrongful imprisonment for not removing federal parole violation warrant-detainer***

Plaintiff alleges that Defendants are liable to him regarding the alleged erroneous detainer which resulted in false imprisonment under the FTCA and *Bivens*.

The United States' liability under the FTCA is determined by the law of the place where the alleged tort occurred. 28 U.S.C. § 1346(b). Claims under the FTCA involve a two-step analysis. *Premo v. United States*, 599 F.3d 540, 545 (6th Cir. 2010). "'First the district court applies local law to determine liability and to assess damages. Second, federal law is invoked to bar proscribed recoveries, such as punitive damages.'" *Palmer v. United States*, 146 F.3d 361, 366 (6th Cir. 1998) (quoting *Kirchgessner v. United States*, 958 F.2d 158, 159 (6th Cir. 1992)). Thus, liability under the FTCA is usually determined by referencing state law, *see Premo*, 599 F.3d at 545, in this case, Kentucky law. In Kentucky, "[t]he tort of false imprisonment requires the plaintiff to establish that []he was detained *unlawfully*." *Birdsong v. Wal-Mart Stores, Inc.*, 74 S.W.3d 754, 757 (Ky. Ct. App. 2001) (emphasis added).

*Bivens* created a private right of action for damages against officials, acting under color federal law, who are alleged to have violated a citizen's constitutional rights. *Browning v. Pennerton*, 633 F. Supp. 2d 415, 427-28 (E.D. Ky. 2009) (citing *Bivens*, 403 U.S. 388; *Corr.*

5

*Servs Corp. v. Malesko*, 534 U.S. 61, 66 (2001)).

However, under either *Bivens* or the FTCA, Plaintiff's claim for wrongful imprisonment fails to state a claim for the simple reason that his imprisonment pursuant to the detainer was not wrongful. Plaintiff has brought multiple challenges to the federal detainer placed on him, all of which have failed. *See Smith v. Reno*, No. 98-5626, 1999 WL 777627, at *1 (6th Cir. Sept. 17, 1999). Because the legality of the detainer has been upheld, Plaintiff's imprisonment under that detainer cannot be "wrongful" or "false." Plaintiff has failed to state a claim under either *Bivens* or the FTCA for wrongful imprisonment. This claim will be dismissed by separate Order.

*Claims regarding heart attacks*

Plaintiff claims that he suffered two "fatal heart attacks," one on March 20, 2007, while he was held in "false imprisonment," and one on August 24, 2009, after he had been released from prison.

The March 2007 heart attack claim is time-barred. In *Bivens* actions, the most analogous statute of limitations from the state where the events giving rise to the claim occurred is applied, which in Kentucky is one-year. *See Baker v. Mukasey*, 287 F. App'x 422, 424 (6th Cir. 2008). The FTCA has a two-year statute of limitations. *See* 28 U.S.C. § 2401(b); *Chomic v. United States*, 377 F.3d 607, 610 (6th Cir. 2004). Moreover, the Court notes that that heart attack is the subject of a claim in another case brought by Plaintiff in this Court. That case, *Smith v. Rees*, Civil Action No. 5:07-CV-P180-R, is still ongoing. Accordingly, the Court will dismiss his claim regarding the March 20, 2007, heart attack.

The August 2009 heart attack took place after his July 2, 2009, release from custody at the Grayson County Detention Center. He alleges that Defendants Dennison, DCDC Jailer, and

Defendant Woosley, DCDC Chief Deputy, had the duty, acting as "federal agents," to ensure Plaintiff's safety and health while he was at GCDC and for at least 30 days thereafter, specifically to provide Plaintiff with at least $100, bus fare to Ashland, Kentucky, at least 30 days supply of the various medications Plaintiff was taking daily for his heart, an outfit of clothing and shoes, and work clothing. Plaintiff alleges that he received none of these things. He alleges that his August 2009 heart attack was due to his steel stent being 100% clogged due to Plaintiff not having any of his medications since his release on July 2, 2009.

The Court will allow Plaintiff's *Bivens* claim against Defendants Dennison and Woosley to go forward. However, a *Bivens* claim is a judicially created counterpart to a 42 U.S.C. § 1983 civil rights action and is properly brought only against federal officials, who have allegedly denied a plaintiff's constitutional rights, in their individual capacities. *Bivens*, 403 U.S. at 390-97; *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself"). Because "a *Bivens* claim [for damages] may not be asserted against a federal officer in his official capacity," *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991), the Court will dismiss the official-capacity *Bivens* claims against Defendants Dennison and Woosley.

The Court also will allow the FTCA claim regarding Plaintiff's August 2009 heart attack to go forward against the United States.

### III. CONCLUSION

By separate Order, the Court will dismiss Plaintiff's claims brought directly under 18 U.S.C. § 4042 and all claims against the U.S. Marshal Service, Defendants Holder, Getty, Vines, Boyer, Muller, and the unknown defendants. The Court will enter a Scheduling Order to govern

7

the development of the remaining claims, *i.e.*, the FTCA claim against the United States for lost personal property and for the August 2009 heart attack and the *Bivens* claim against Defendants Dennison and Woosley related to the August 2009 heart attack. In doing so, the Court makes no opinion on the ultimate merits of those claims.

Date:


cc: Plaintiff, *pro se*
 Defendants
 Grayson County Attorney
 U.S. Attorney
4414.009